CLAY, Circuit Judge,
dissenting.
Because Defendant’s counsel rendered in.'ffecti.'e assistance of counsu I would cate i hifendant’. conviction ai u remand i .r proc edings e. -.sistent with ihis opinion. Therefore, I respectfully dissent.
Although an ineffective assistance of counsel claim is ordinarily deferred until post-conviction proceedings under 28 U.S.C. § 2255, when an evidentiary hearing can be held to determine whether counsel. conduct was motivated by sound strato, y, an ineffective assistance claim maj ;e considered on direct review if the ret d is adequate developed to allow the c. .rt to assess Lne merits of the claim. ( United States v. Watkins, 509 F.3d 277, 283 (6th Cir2007). .¡ere, Defendant’s ineffective assistance claim relates only to whether counsel’s closing argument was deficient on its face. Thus, the trial transcript provides the Court with an adequately developed record to enable review of Defendant’s ineffective assistance claim. Based on that record, counsel’s closing argument was so damaging to Defendant’s credibility that it “fell below an objective standard of reasonableness” and prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A defendant’s right to effective assistance of counsel extends to closing arguments. Yarborough v. Gentry, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003). However, “counsel has wide latitude in deciding how best to represent a client, and deference to counsel’s tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage.” Id. at 5-6, 124 S.Ct. at 1. “Judicial review of a defense attorney’s summation is therefore highly deferential-and doubly deferential when it is conducted through the lens of federal habeas.” Id. at 6, 124 S.Ct. at 1.
*692 In the instant case, defense counsel began his closing argument with the following statement:
Following that presentation, I think it would be appropriate if I waved the white flag and just go sit down, because what could I possibly say about this case that she hasn’t said? I hope none of you stayed up last night wondering about what the defense lawyer was going to say in his closing argument, because I didn’t. Here’s the way I do it. I stand up, and I start thinking about the evidence, and I say what comes to my mind. If it’s a little disjointed, well, I’m sorry. Some of you people can follow it, and I hope I make it clear as I do it.
(Tr. at 394-95.)
In this statement, counsel plainly admitted that he did not think about his closing statement in advance; rather, he said whatever popped into his head when he stood up to make his argument. Because counsel is an officer of the court, this Court must take counsel at his word. Based on this admission, it is clear that his closing statement was not the result of any strategic or tactical decisionmaking. Thus, if his closing argument was damaging to the defense, the Court should not afford counsel the level of deference that it typically gives to decisions that are a matter of legitimate defense strategy.
Later in his argument, defense counsel said the following:
Now, he told a story of how this thing happened. It’s a hard story to follow, but it’s not impossible to believe. Did you ever hear about sky divers that jump out of planes and their chute doesn’t open and they live? Would you believe that if someone told you, hey, a guy fell out of an airplane, landed on the ground and he didn’t die. That’s impossible.
How about the lady in Cincinnati, had triplets back-to-back without medication. Think that happens every day? No, it happens once every nine million times. So no matter what someone tells you from the stand, it doesn’t have to be a lie just because it’s from a defendant. And it can be true, because other things about Mr. Robinson make sense.
(Tr. at 398.)
In this statement, Defendant’s attorney equated the probability of Defendant’s testimony being true to someone surviving jumping out of a plane without a parachute. Even reading this statements in the context of counsel’s entire closing argument, in which he made a number of arguments in support of Defendant’s version of events, defense counsel left the jury with the clear impression that he found Defendant’s testimony to be virtually impossible to believe. Because the entire case turned on whether the jury believed the government or Defendant’s version of events, defense counsel’s conduct was so deficient, prejudicial and egregious that it “undermined the proper functioning of the adversarial process” such that “the trial cannot be relied upon as having produced a just result.” Strickland, 466 U.S. at 686, 104 S.Ct. 2052. Indeed, it is not an exaggeration to assert that Defendant’s representation was so deficient as to reduce the trial proceeding to a sham. Therefore, Defendant’s conviction should be vacated on the basis that his counsel provided ineffective assistance.